### MILES v. ROBERTS et al.

(Circuit Court, S. D. New York. July 20, 1896.)

1. CORPORATE BONDS—TRUSTEE'S WARRANTY.

Plaintiff purchased certain railroad bonds, which were indorsed by the trustee with a certificate that they were secured by a deed of trust or mortgage to him. No such mortgage was ever recorded. The trustee, who was also president of the railroad company, subsequently executed another mortgage of the same property, and received a considerable portion of the avails thereof. The property was all taken by foreclosure of the latter mortgage. *Held,* that the trustee's certificate amounted to a warranty, and that plaintiff could recover, out of the avails of the security which had reached the trustee, as much as his share in the security, if it had existed according to the certificate, would have amounted to.

2. SAME—LIMITATION OF ACTIONS.

The statute of limitations does not begin to run against an action to enforce this liability until the bonds become due.

This was an action by Frederick Miles against Susan L. Roberts and others, executors of Marshall O. Roberts, to recover upon the testator's warranty of certain corporate bonds.

Treadwell Cleveland, for plaintiff.

Almon Goodwin, for defendants.

WHEELER, District Judge. According to the agreed statement, upon which this case has been heard, the plaintiff took from Marshall O. Roberts ten $1,000 bonds of the Florida Railroad Company, dated November 10, 1868, and due March 1, 1887, each of which recited:

"This bond is one of a series amounting in the aggregate to one million and two hundred thousand dollars, and consisting of twelve hundred bonds, num-

bered from one to twelve hundred, inclusively, each of which is for one thousand dollars, and all of which are of like tenor and date, and the payment of which is secured by a deed of trust or mortgage, bearing date the tenth day of November, 1868, duly executed and delivered by the Florida Railroad Company to Marshall O. Roberts, trustee, and conveying the railroad of the said company, from Fernandina to Cedar Keys, in the state of Florida, of about one hundred and fifty-four miles in length, and the equipments, appurtenances, franchises, and things therein described.

"This bond shall not become obligatory until it shall have been authenticated by a certificate indorsed hereon and duly signed by the trustee."

And upon each of which was indorsed this:

"Trustee's Certificate.

"I hereby certify that the within bond is one of a series of first mortgage bonds, amounting to $1,200,000, secured by the deed of trust or mortgage within mentioned, executed and delivered by the Florida Railroad Company to Marshall O. Roberts, trustee.                M. O. Roberts, Trustee."

For them, relying upon this certificate, he paid $7,500. No such mortgage was recorded. Another mortgage was made and executed by Roberts, then president of the company, covering the same property, of the avails of which over $100,000 came to Roberts, and over $30,000 of which remain with the defendants, his executors, and upon which the property was all taken by foreclosure. The plaintiff's share in the security, if it had existed according to the certificate, would have been worth $7,200. This bill was brought, July 30, 1890, to reach so much of the avails of the security that came to Roberts as would have gone to the plaintiff upon the security which he supposed he had.

By common principles, whatever a warrantor, by deed of realty, or by sale implying title of personalty, acquires of the property, follows the warranty, and belongs to the warrantee. The security by mortgage of the railroad was assumed to belong to these bonds, and Roberts, by his certificate, in effect warranted that it did, to the purchasers. He could not, in equity at least, so assure the security to the purchasers of the bonds, and himself hold it away from them. His assurance was as trustee; but that does not seem to lessen its effect, which was that he held the security, as such trustee, for the purchasers. He could not afterwards justly be heard to say, against the purchasers, that he did not so have the security for them, especially when he did actually have it to a greater extent than that in question, although in another capacity. As to him, the plaintiff's right to the security would be paramount, to the extent of the assumption in the certificate. This was that he held the security for the satisfaction of the plaintiff's bonds, with those of the others, when due.

Lapse of time is very much relied upon against the enforcement of this liability now; and, if the action was at law for the misrepresentation, this reliance would, upon proper plea, seem to be well founded. But Roberts' assumption was that he held the security as trustee for the payment of the bond when due; and the plaintiff's right to the security in his hands, or those of his personal representatives, is co-extensive with that assumption. The plaintiff could wait, without losing time, until his bonds were due and

remaining unpaid, before calling for the security; and long within the statute of limitations, from that time, this suit was brought. If the security had existed as was represented, a foreclosure could well have been brought by the trustee when this suit was brought. This suit is brought as for the avails of the same thing received otherwise, and would seem to be brought in good time. Decree for plaintiff for $7,200.